UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN STOUT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01448-JPH-DLP |
| | ) | |
| STATE OF INDIANA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DIRECTING PLAINTIFF'S CUSTODIAN TO FORWARD CERTIFIED COPY OF PLAINTIFF'S SIX-MONTH TRUST ACCOUNT STATEMENT**

This matter comes before the Court on Plaintiff's motion for leave to proceed *in forma pauperis*.

When Plaintiff filed this lawsuit, he was directed to pay the $402.00 filing fee for this action or file a motion for leave to proceed *in forma pauperis*. Dkt. 3. While he has filed a motion to proceed *in forma pauperis*, that motion is not accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action as required. Plaintiff notes in his motion that the "Jail has not complied with [his] request for [his] transaction history for the six months associated with trust account." Dkt. 5 at 5.

When faced with a similar situation, the Seventh Circuit held that the district court should evaluate the veracity or significance of the plaintiff's statement that prison officials refuse to provide the required document and order the prison to provide the trust account statement. *Bell v. Kay*, 847 F.3d 866, 867 (7th Cir. 2017) (vacating dismissal of prisoner's case due to the district court's failure to assess the truthfulness of plaintiff's assertion that prison officials refused to provide the account ledger to him and the district court's failure to order prison officials to provide

the ledger); *Goodwill v. Hoffman*, 2019 U.S. Dist. LEXIS 8442 (E.D. Wis. Jan. 17, 2019) (ordering non-party detention center to forward certified copy of plaintiff's six-month trust account statement).

The Court has no reason to doubt the veracity of the statements in Plaintiff's motion, which was signed under penalty of perjury. The Court further finds that providing Plaintiff with additional time to continue to request a copy of his trust account statement would be fruitless.

Accordingly, the Court hereby **ORDERS the Sheriff of Marion County** to provide the Court with a certified copy of Plaintiff's trust account statement or the Marion County Jail's institutional equivalent for the six-month period preceding the filing of this action on July 18, 2022, and to do so **no later than September 29, 2022.** The trust account statement should be submitted to the Clerk of the Court and should reference case number No. 1:22-cv-1448-JPH-DLP.

Upon receipt of the required financial statement, the Court will reassess what initial partial filing fee must be paid, if any, and whether a collection order should enter to collect the filing fee.

**SO ORDERED.**

Date: 9/2/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOHN STOUT
347010
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203

Marion County Sheriff
675 Justice Way
Indianapolis, IN 46203